**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 31 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAFAEL ANTONIO GUERRERO
RODRIGUEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-71629

Agency No. A202-076-066

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 24, 2023
San Francisco, California

Before:  GOULD, RAWLINSON, and BRESS, Circuit Judges.

Rafael Antonio Guerrero Rodriguez ("Guerrero Rodriguez" or "Petitioner")

is a native and citizen of El Salvador.  When he entered the United States, he did

not possess or present any valid immigrant visa or reentry permit, and he was not

admitted or paroled after inspection by an immigration officer.  He was served a

Notice to Appear ("NTA") in September 2014.  In November 2016, Guerrero

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Rodriguez admitted to the factual allegations and conceded the charge of removability in the NTA. He requested relief in the forms of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The Immigration Judge ("IJ") heard Guerrero Rodriguez's case on July 12, 2018 and denied his application for relief. Guerrero Rodriguez appealed to the Board of Immigration Appeals ("BIA"), which affirmed the IJ's decision without an opinion. We have jurisdiction under 8 U.S.C. § 1252 and deny in part and dismiss in part the petition for review.

In cases where the BIA affirms the IJ's decision without an opinion, the IJ's decision becomes the BIA's decision, and we evaluate the IJ's decision as we would that of the Board. *Lanza v. Ashcroft*, 389 F.3d 917, 925 (9th Cir. 2004). "Whether a group constitutes a particular social group is a question of law," which we review de novo. *Cordoba v. Barr*, 962 F.3d 479, 482 (9th Cir. 2020) (internal quotations omitted) (quoting *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014)). The applicant has the burden to demonstrate the existence of a cognizable particular social group ("PSG"), their membership in that PSG, and a risk of persecution on account of their membership in the specified PSG. *See Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1083 (9th Cir. 2013) (en banc).

1. We lack jurisdiction to consider Guerrero Rodriguez's contention that the IJ "mischaracterized" his proposed social group because he failed to raise this issue

2

before the BIA.  We accordingly dismiss the petition with respect to this issue.  *See*

8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004).

2. Petitioner's proposed social group comprised of "Salvadoran youth targeted for gang recruitment" is not cognizable.  The Board has previously interpreted the phrase "particular social group" to refer to a group that is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question."  *See Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014).

Here, the IJ properly found that Guerrero Rodriguez's proposed social group lacked both sufficient particularity and social distinction.  Guerrero Rodriguez's proposed social group is too "loosely defined" to meet the particularity requirement because, as Guerrero Rodriguez admitted, the gangs are everywhere and could target anyone.  *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 745 (9th Cir. 2008) (*abrogated on other grounds by Henriquez-Rivas*, 707 F.3d 1081).  As to social distinction, the IJ was correct that "it is hard to see … where the boundaries are" for Guerrero Rodriguez's PSG because society would not be able to perceive who is broadly "young" and has, at some point, been targeted by gangs.

3.  Substantial evidence supports the Board's determination that Petitioner did not establish that the Salvadoran government would likely acquiesce to any torture.  To qualify for relief under CAT, the torture must be "inflicted by … or

with the consent or acquiescence of a public official or other person acting in an official capacity." *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003) (quoting 8 C.F.R. § 208.18(a)(1)) (emphasis and internal quotation marks omitted). Acquiescence does not require "actual knowledge or willful acceptance," but rather "awareness and willful blindness" is sufficient. *Zheng*, 332 F.3d at 1197 (internal quotations omitted)). However, "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). To meet their burden, a petitioner must show that they are more likely than the general populace to be victims of violence and crime. *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016).

Here, substantial evidence supports the determination that Guerrero Rodriguez failed to establish acquiescence. Guerrero Rodriguez testified that he was afraid to go to the police because he thought the gangs would kill his family, but he did not testify that police ever explicitly declined to help him in the past. Guerrero Rodriguez testified that he was "certain that the police would not protect [him] because they also fear the gangs." However, substantial evidence supports the conclusion that Guerrero Rodriguez's statements about the police did not show more than a "general ineffectiveness on the government's part." *See Andrade-Garcia*, 828 F.3d at 836. As to the documentation on the country conditions,

4

substantial evidence supports the IJ's conclusion that the documentation was not enough to show "willful blindness" of government officials that would make Guerrero Rodriguez more likely than another member of the general populace to be a victim of violence or crime.

**PETITION DENIED in part; DISMISSED in part.**